IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


TOBY G. CHAVEZ,

       Petitioner,

v.                                            CIV 13-0338 JB/KBM

GERMAN FRANCO, Warden, and
STATE OF NEW MEXICO,

       Respondents.


## ORDER DENYING EXTENSION and
## ORDER TO SHOW CAUSE

This habeas matter is before the Court on the petition, voluminous Record Proper, motion by Respondents' for judgment on the pleadings, *see Docs. 16,* and Plaintiff's motion for an extension to respond to that motion, *see Doc. 18.*  Additionally, Respondents have filed a motion that sets forth reasons why they believe Petitioner is not actually proceeding pro se and is represented by someone and asks the Court to require him to show cause "as to the precise scope and nature of [his] legal representation." *See Doc. 19.*  Although Petitioner has not yet filed a response to the motion about his representation, the Court finds it advisable to act now, and make clear the response it expects from Petitioner and/or any person representing him.

Until the Court resolves the issue of representation, it will not review the merits of the habeas petition or allow Petitioner to file a response to the motion for judgment. Petitioner shall respond to each and every assertion raised in the motion to show cause in a notarized or verified pleading that comports with the requirements of 28 U.S.C. § 1746 and 18 U.S.C. § 1621.  *See, e.g., Green v. Branson,* 108 F.3d 1296, 1302 (10th Cir. 1997); *Hall v. Bellmon,* 935 F. 2d 1106, 1111 (10th Cir. 1991); *Auguston v. Holder,* 728 F. Supp. 2d 1279, n.7 (D.N.M. 2010).  If someone in fact is assisting Petitioner, that person should inform the Court of the circumstances of that assistance forthwith in a notarized affidavit.

The Court notes that it has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency.  *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984).  One such sanction within the discretion of the Court is to dismiss an action for want of prosecution.  *E.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642-43(1976); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Costello v. United States,* 365 U.S. 265, 286-87 (1961) (district court may dismiss *sua sponte* for failure to comply with order of court); *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) ("We . . . dismiss the appeal *sua sponte* . . . for lack of prosecution as reflected by their failure to respond to our order requiring a timely status report . . .  Dismissal of the appeal is a strong sanction to be sure, but it is no trifling matter for Appellants to abuse our office by disappearing and failing to meet our deadlines.  The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a

manner that most efficiently utilizes limited judicial resources."). **Petitioner is hereby notified that failure to respond to this Order may result in dismissal without further notice.**

Wherefore,

**IT IS HEREBY ORDERED** that Petitioner's motion for an extension *(Doc. 18)* is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's response to the motion regarding representation, and the response by anyone representing him, are due no later than Friday, August 16, 2013 in the format and detail noted above,.

**IT IS FURTHER RECOMMENDED that any failure to timely and completely respond to this order be considered a failure to prosecute, and this action be dismissed without further notice.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE